John H. Farnham, J.
Defendant moves for a dismissal of plaintiff’s complaint under rule 3216 of the CPLE. The rule is stated as follows: 1 ‘ Where a party unreasonably neglects to proceed in the action against any party who may be liable to a separate judgment, the court, on its own initiative or upon motion, may dismiss the party’s pleading on terms. Unless the order specifies otherwise, the dismissal is not on the merits. ’ ’
The pleadings are not before the court but from plaintiff’s affidavit, it appears that the cause accrued on April 11 of 1958 and is based on a claim for a breach of contract entered into between the parties which resulted in services rendered by plaintiff to defendant.
In April of 1958, plaintiff retained a firm of attorneys in Syracuse to prosecute the action and to proceed with his claim. He states that he communicated with his counsel on many occasions and was informed that his case was on the calendar. In March of 1964, he retained his present counsel who are opposing this motion and had them substituted for his former counsel.
Immediately after receiving the file on the case from the former attorneys, plaintiff’s present counsel filed a note of issue for the Onondaga County Supreme Court April, 1964 Term and since that time they have proceeded diligently to dispose of this action.
The plaintiff has supplied the court with a detailed affidavit of merits covering his claim against the defendant.
The six-year Statute of Limitations did not expire until April 10, 1964. Therefore, the case might have been sued properly prior to that date and then the present basis for a dismissal of the action would not have been available to defendant.
The statutory rule is clear in its last sentence stating that: “ Unless the order specifies otherwise, the dismissal is not on the merits ”. (CPLE 3216.)
Now, the plaintiff’s statutory right to bring his action is lost to him. He originally retained counsel and properly left the prosecution of the action to them. This was not done and in the court’s view, the omission is not chargeable to plaintiff. His present counsel have proceeded with diligence. The plaintiff presents by affidavit a meritorious cause of action. He should not be penalized because of the shortcomings or omission of counsel.
The court is well aware of the extensive lapse of time during which there was apparent inattention or failure on the part of his first counsel to process his claim and prosecute the action. Plaintiff had a perfect right to rely on his counsel for his proper representation.
*274 In situations such as we are considering here, the court is well aware that unreasonable neglect to prosecute an action may be grounds for dismissal absent any facts showing reasonable excuse for delay in bringing the cause on for trial, after a lapse of years and after joinder of issue, and further absent any showing of merit of plaintiff’s claim.
In the instant case, however, we have reasonable excuse for the delay in plaintiff’s reliance of his first counsel and we have a substantial affidavit of merits in support of plaintiff’s claim. The court, under these circumstances, feels that plaintiff is entitled to and should have his day in court.
While not entirely controlling on this motion, but indicative of the legislative trend and the avowed amendment of CPLR 3216, the court calls counsel’s attention to chapter 974 of the Laws of 1964 to become effective on September 1, 1964, the pertinent portion of which states: “ Nor shall such a motion be made or granted unless the defendant shall have served a written demand requiring the plaintiff to serve and file such a note of issue and stating that the default by the plaintiff in complying with such demand within forty-five days after the service of such demand will serve as a basis for a motion by the defendant for dismissal against him for unreasonably neglecting to proceed. In the event that such a note of issue is served and filed within such forty-five days, the motion to dismiss shall be denied. In the event that such a note of issue is not served and filed within such forty-five days, the court may grant such motion unless the plaintiff shows justifiable excuse for delay and a good and meritorious cause of action.”
We are very near to September 1, 1964, on and after which date the above-amended rule will control our dismissal for failure to prosecute practice and plaintiff should have some consideration therefrom.
Under all the circumstances, the court denies the motion.